**296**

Joseph MUGNO, Frank Bickel, Tita Monti, Phyllis Feigenoff, Eugene L. Karbach, on their own behalf and on behalf of other persons similarly situated, Plaintiffs-Petitioners,

v.

Paul ARMSTRONG, Jr., Acting Postmaster, Levittown, New York Post Office, Robert K. La Londe, Postmaster Wantagh, New York Post Office, Howard Coonen, Regional Director, New York Region of United States Post Office, Martin D. Albert, Regional Operations Manager, New York Region of the United States Post Office, Defendants-Respondents.

Civ. No. 18012.

United States District Court
E. D. New York.

Jan. 16, 1958.

Harry Mitchell, Brooklyn, N. Y., for plaintiffs-petitioners.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, by Robert A. Morse, Asst. U. S. Atty., Brooklyn, N. Y., for defendants-respondents.

BYERS, Chief Judge.

This is a defendants' motion to dismiss under Fed.Rules Civ.Proc. Rule 12(b), 28 U.S.C.A. for lack of jurisdiction, failure to state a claim, etc., absence of an indispensable party, and that the action is in substance against the United States, which has not consented to be sued.

The plaintiffs are residents of Wantagh, Long Island, and the defendants are, respectively, the Acting Postmaster of Levittown; the Postmaster of Wantagh; the Regional Director; also the Regional Operations Manager, New York Region of the United States Post Office.

The substance of the plaintiffs' allegations is that the defendants have used the powers and functions of their respective offices arbitrarily, in refusing to allow the plaintiffs' mail to be handled through the United States Post Offices at Wantagh or at North Wantagh instead of through the United States Post Office at Levittown; and have thus visited upon the plaintiffs financial loss and great inconvenience in the transaction of their affairs.

Paragraph 55 of the complaint which follows a rather detailed series of allegations concerning the complained of actions of the various defendants, contains the following averment which is deemed to be the most comprehensive statement of the plaintiffs' grievance:

"55. That the above quoted letter further sets forth that the requested change 'could only lead to confusion in our postal service and would seriously impede the efforts of regional management to provide the best

postal service at the least possible cost to the taxpayers.' That this conclusion is entirely contrary to all the facts in evidence before the respondents and without any basis in fact. That, on the contrary, the failure to grant the petitioners' request has caused great confusion in that the Post Office Department is the only agency which fails to recognize that the area is known as Wantagh, New York, and constitutes an interference with the normal operations of business firms and governmental bodies attemping to do business with and to contact the residents of this area, inasmuch as the United Parcel Service lists the area as Wantagh, New York, the New York Telephone Company, on its records, lists the residents in this area as Wantagh, Western Union knows the area solely as Wantagh, the Fire Department and the Board of Elections refers to the area as Wantagh, and only the Post Office Department insists that mail must be addressed to the residents in this area as Levittown, New York, or suffer impediment, delay or refusal to deliver. That divers firms using telephone lists for the purpose of contacting the petitioners by mail are unable to effect delivery because of the arbitrary ruling of the respondents; that thereby, the residents are compelled to make lengthy explanations of their various addresses to all of their correspondents, causing and creating extreme confusion which could be completely eliminated by making the postal address consistent with all other services which recognize the area to be Wantagh, New York."

The affidavits filed in behalf of the motion to dismiss are those of the Assistant United States Attorney in charge of the litigation which outlines the legal position of the Government in support of the motion; also that of Martin D. Albert, the Regional Operations Manager above named; Howard Coonen, Regional Director also above named; William F. McDonough, District Operations Manager; Robert K. Le Londe, the Wantagh Postmaster; Paul Armstrong, Jr., also above named, the Acting Postmaster of Levittown; and Lawrence A. Small, Superintendent of Mails, same office.

All of the foregoing were verified prior to the hearing of the motion which occurred on December 18, 1957. An additional affidavit was filed by Mr. McDonough verified December 24, 1957.

In substance, the contents of these affidavits, which quote Post Office Regulations and the various procedures which have been followed, come down to an assertion that after careful consideration of all relevant circumstances, the officials have decided that the plaintiffs must use the Levittown Post Office, and that this conclusion is right; also whether right or wrong, these officials have exercised the discretion confided to them under the Post Office Regulations and thus the controversy is not a subject for judicial inquiry.

The Albert affidavit contains the following:

" * * * In any event, it was and is my judgment, that the whims of those desiring service from a particular Post Office, or desiring a particular Post Office address, cannot be substituted for the discretion of those persons, such as myself, who are delegated the responsibility by law for such decisions affecting the internal operations of the Post Office Department."

An examination of the voluminous papers submitted on this motion discloses such a change of position on the part of the Post Office Department with regard to the effect of establishing a Post Office at North Wantagh upon such residents of Wantagh as these plaintiffs, as to suggest that if there is a whimsical aspect to this controversy, it is by no means unilateral.

The statute upon which the plaintiffs rely is found in Title 5 U.S.C.A. § 1009, as follows:

"§ *1009. Judicial review of agency action*

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"*Rights of review*

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

It is the opinion of this court that until the precise facts can be established upon which the defendants assert that they exercised a discretionary power, and the accuracy of their surveys and the true results thereof, the plaintiffs should not be summarily dismissed, but should have their day in court in order that a final decision may be truly informed.

The papers submitted on the motion are sufficient to show:

(a) These plaintiffs reside in a community which has borne the name of Wantagh for at least two hundred years prior to the establishment of a housing development called Levittown, which occurred not more than ten years ago. Both communities are comprehended in the Township of Hempstead, but their respective geographical limitations have not been clearly established so far as the motion papers disclose.

While the Post Office has not sought to deprive these plaintiffs of their residential identity, it has imposed upon them inconvenience approaching hardship in so important a matter as the handling of incoming mail intended for them. Much of that mail is shown to have been of a strictly business nature.

(b) Incoming mail properly addressed to the plaintiffs at North Wantagh has been returned to the senders stamped "Unknown." As to that question, there is a conflict between the affidavits submitted on behalf of the plaintiffs which contain envelopes so returned to senders, and the answering affidavits above listed.

The true facts are capable of demonstration at a trial.

(c) The United States Post Office provides a governmental service supported by users through the payment for stamps, and by the taxpayers in general who absorb a deficit arising from its operation. Within reason, it should be conducted for the benefit of a given community and not to the detriment of the residents thereof in the manner alleged in the paragraph above quoted from the complaint.

In the absence of denials which would be appropriate in an answer, if one had been filed, the averments of the complaint are accepted as true for present purposes.

The position of the Government is the conventional one when bureaucratic action is challenged, namely the exercise of a kind of paternal higher wisdom which should not even be inquired into, in spite of the statute above quoted.

Perhaps all that is urged for the defendants with respect to lack of jurisdiction, defect of parties, etc., will be vindicated when the evidence, pro and con, has been presented at a trial. The present decision is that disposition of the controversy in the summary manner urged by the defendants is not believed to be called for.

The cases cited in support of the defendants' position have been examined and none of them involves a motion for dismissal under comparable circumstances to those alleged in the complaint, and very considerably illuminated by the affidavits filed in opposition to the motion.

Motion denied. Settle order.